THOMAS HENNY, INCORPORATED, PLAINTIFF, v. PUBLIC
SERVICE RAILWAY COMPANY, DEFENDANT.

Argued February 20, 1924—Decided May 26, 1924.

Negligence—Motor—Trolley Collision—Conflict of Testimony—
Error in Charge to which no Exception was Taken.

On rule, &c. °

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For the plaintiff, *William F. Burke.*

For the defendant, *Leonard J. Tynan.*

PER CURIAM.

This suit was brought to recover damages to a motor truck
caused by a collision with the defendant's trolley car on June
7th, 1923.  The trial resulted in a verdict for the plaintiff
for $1,000.  The defendant obtained a rule to show cause
and writes down two reasons for a new trial:  First, the
verdict is contrary to the weight of the evidence.  Not so.
There was a conflict in the testimony.  We cannot disturb
the verdict of the jury on that ground.  Second, error in the
charge.  There was no exception entered or noted to the
charge at the trial.  While it is true a verdict may be set
aside on a rule to show cause, although no exception to the
charge was taken at the trial (*Clark* v. *Public Service R. R.
Co.,* 83 *N. J. L.* 319), the power thus to set aside a verdict
should be used cautiously by the reviewing court and only
in an unusual case, where the alleged error is not called to
the attention of the trial judge by a proper exception.  In
this case, however, we think the criticism aimed at the charge
of the court is hypercritical.  The rule to show cause is dis-
charged.